UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA WIGGINTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6694** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Plaintiff Melissa Wigginton's ("Plaintiff") "Petition for Attorney's Fees" pursuant to the Equal Access to Justice Act.[1] Having considered the motion, the memorandum in support, the memorandum in opposition, the record, and applicable law, for the reasons discussed below, the Court will grant the motion in part and deny it in part, limiting the rate of the attorney fee requested to $175.00 per hour, and awarding attorney's fees to Plaintiff not Plaintiff's counsel.

## I. Background

On December 10, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration, (the "Commissioner" or "Defendant") denying her claim for disability insurance benefits ("DBI") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act").[2] This matter was referred to a United States Magistrate Judge to prepare a Report and

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 1.

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On March 1, 2016, the Commissioner answered the complaint.[3]

The Magistrate Judge issued a Report and Recommendation on December 9, 2016, recommending that the decision denying Plaintiff's claim for SSI and DIB be affirmed.[4] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed Plaintiff's claims *de novo*.[5] On March 6, 2017, the Court declined to adopt the recommendation and remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing.[6]

Plaintiff filed the pending motion for attorney's fees on June 5, 2017.[7] On June 14, 2017, the Commissioner filed an opposition to Plaintiff's motion for attorney's fees.[8]

## II. Parties' Arguments

A.  *Plaintiff's Arguments in Support of Petition for Attorney's Fees*

Plaintiff asserts that she is entitled to attorney's fees under the Equal Access to Justice Act

---

[3] Rec. Doc. 10.

[4] Rec. Doc. 14.

[5] Rec. Doc. 16.

[6] *Id.*

[7] Rec. Doc. 18.

[8] Rec. Doc. 20.

("EAJA"), 28 U.S.C. § 2412(d).[9] Plaintiff contends that she is a prevailing party under the EAJA.[10] Therefore, she argues that she is entitled to attorney's fees unless the Commissioner can prove that her position in this matter was "substantially justified."[11]

Plaintiff requests attorney's fees in the amount of $6,482.00.[12] This amount is based on an hourly rate of $193.50 and 33.50 hours of work.[13] Plaintiff asserts that the number of hours claimed is reasonable considering the result obtained.[14] She argues that the hourly rate of $193.50 is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the increase in the cost of living reflected by the Consumer Price Index.[15] Finally, Plaintiff asserts that she has executed an assignment of EAJA fees and expenses to her attorney, Paul Brian Spurlock, and that payment of attorney's fees should be made directly to Paul Brian Spurlock.[16]

## B.   *The Commissioner's Memorandum in Opposition*

The Commissioner filed a memorandum in opposition disputing only the hourly rate requested by Plaintiff and that fees be awarded to Plaintiff rather than her attorney.[17] The Commissioner notes that the Fifth Circuit has adopted the "lodestar" approach for calculating

---

[9] Rec. Doc. 18-2 at 1.

[10] *Id.* at 2.

[11] *Id.* at 2–3.

[12] *Id.* at 3.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 4.

[16] *Id.* at 5.

[17] Rec. Doc. 20.

reasonable attorney's fees in social security cases, where the number of attorney hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[18] The Commissioner asserts that a $175 per hour rate is appropriate for social security cases arising in this district.[19] Because Plaintiff provided no information addressing a change in market conditions to justify an increase in the prevailing market rate, the Commissioner asserts that this Court should reject the requested enhancement to $193.50 per hour.[20] Finally, the Commissioner notes that the Supreme Court has held that EAJA awards are payable directly to Plaintiff, as the prevailing party, not the attorney.[21]

### III. Law and Analysis

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[22] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA. Moreover, the Commissioner does not argue that her position was substantially justified or that special circumstances make an award of attorney's fees unjust. Instead, the Commissioner only disputes the hourly rate requested by Plaintiff.

---

[18] *Id.* at 2.

[19] *Id.* at 3 (citing *Lasserre v. Berryhill*, 2017 WL 897841 (E.D. La 3/7/17) (Lemon, J.); *Vanegdom v. Colvin*, 2016 WL 4927868 (E.D. La. 9/16/16) (Vance, J.)).

[20] *Id.*

[21] *Id.* at 4 (citing *Astrue v. Ratliff*, 560 U.S. 586, 591–598 (2010)).

[22] 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[23] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorney's fees in a particular market.[24]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[25] Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through June 2016, the midpoint of this litigation which spanned from 2015 through 2016.[26] Plaintiff has provided no evidence of the increase in the cost of living in the New Orleans area specifically, but she refers the Court to the Consumer Price Index prepared by the Bureau of Labor and Statistics.[27] The Commissioner has not disputed the accuracy of the information in the Bureau of Labor Statistics report. Therefore, the Court takes judicial notice of the information in the Consumer Price Index.[28]

---

[23] 28 U.S.C. § 2412(d)(2)(A)(ii).

[24] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[25] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

[26] *Id.*

[27] Rec. Doc. 18-2 at 4. *See* United States Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf.

[28] Fed. R. Evid. 201.

According to the Bureau of Labor Statistics report, the average Consumer Price Index for All Urban Consumers ("CPI-U") was 155.7 in the month of March 1996.[29] The average CPI-U for June 2016 was 241.018,[30] an increase of approximately 54.8 percent since March 1996. A 54.8 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $193.50.[31]

In *Baker v. Bowen*, the Fifth Circuit expressly rejected the argument that increases in the EAJA must precisely track any increase in the cost of living.[32] The court noted that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it."[33] Rather, the Fifth Circuit characterized the EAJA rate adjusted for cost of living as the *maximum* allowed by the statute.[34]

This Court has previously awarded attorneys' fees at a rate of $175.00 per hour in Social Security appeals for work performed in 2013, 2014 and 2015.[35] Plaintiff has provided no information addressing a change in market conditions in New Orleans to justify an increase in the prevailing market rate as previously determined by this Court. Accordingly, the Court finds that an hourly rate of $175.00 for work performed on this Social Security appeal from 2015 through 2016 is reasonable in the New Orleans legal market and consistent with recent decisions of this

---

[29] http://www.bls.gov/ro5/cpiushistorical.pdf, at p. 1.

[30] *Id.*

[31] 125 x .548 = 68.5; 125 + 68.5 = 193.50.

[32] 839 F.2d 1075 (5th Cir. 1988).

[33] *Id.* at 1084 (emphasis in original).

[34] *Id.*

[35] *See Robinson v. Colvin*, No. 14-1530 (E.D. La. Dec. 28, 2015) (Brown, J.); *Washington v. Colvin*, No. 14-123 (Dec. 11, 2015) (Brown, J.); *Butler v. Colvin*, No. 13-2459 (Jun. 29, 2015) (Brown, J.); *Kolb v. Colvin*, No. 13-5085 (Jan. 21, 2016).

Court concerning the reasonable hourly rate for attorney's fees under the EAJA. Applying the hourly rate of $175.00 to the 33.50 hours of attorney time expended by Plaintiff's counsel yields a fee of $5,862.50.

Finally, Plaintiff urges the Court to make the fees award payable to her attorney. Plaintiff submits a signed assignment of fees stating that she "agree[s] to assign any and all attorney's fees and expenses, including filing fees, awarded by the Court in [her] federal court action under the Equal Access to Justice Act (EAJA) to Paul Brian Spurlock."[36] I*n Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[37] Following this binding precedent, the Court will award attorneys' fees to Plaintiff, rather than her attorney.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's "Petition for Attorney's Fees" to the extent that it requests that the Court award attorney's fees. The Court denies the motion to the extent that it requests that the Court award an hourly rate of $193.50 and that the award be made payable to Plaintiff's attorney. The Court limits the rate requested to $175.00 per hour and award attorney's fees to Plaintiff rather than Plaintiff's attorney. Accordingly,

---

[36] Adm. Rec. at 114.

[37] 560 U.S. 586, 589 (2010).

**IT IS HEREBY ORDERED** that Plaintiff's "Petition for Attorney's Fees"[38] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Melissa Wigginton is awarded attorneys' fees in the amount of $5,862.50, representing 33.50 hours of time at a rate of $175.00 per hour.

**IT IS FURTHER ORDERED** that attorney's fees are to be awarded to Plaintiff, not Plaintiff's counsel.

**NEW ORLEANS, LOUISIANA,** this  19th   day of July, 2017.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 18.